**TEXAS EASTERN TRANSMISSION CORPORATION**

v.

**GARBER BROS., INC., the M/V BLUE FIN and Union Oil Company of California.**

Civ. A. No. 78–3490.

United States District Court, E. D. Louisiana.

Sept. 28, 1982.

Randall Theunissen of Allen, Gooch & Bourgeois, Lafayette, La., for plaintiff.

Ashton O'Dwyer of Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, La., for defendants.

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on remand from the Fifth Circuit Court of Appeals, 677 F.2d 114, to determine whether Union Oil Co. of California (Union) is entitled to reimbursement for its costs, expenses and attorney's fees from Garber Bros., Inc. (Garber) and/or its insurers American General Fire and Casualty Co., Arkwright Boston Manufacturers Mutual Insurance Company and St. Paul Mercury Insurance Company which Union expended during the course of the trial in this case. All claims of Texas Eastern Transmission Corp. against Union were dismissed, but Union claims it is still entitled to reimbursement for the named expenses. The parties agreed to submit memoranda of law without oral argument, and all attachments to said memoranda are considered as part of the record of this case. Having considered the memoranda submitted by the parties, the record, and the law applicable to this

issue, the Court finds Union is entitled to recovery of the costs, expenses and attorney's fees it claims.

Union had a written time charter with Garber, owners of the M/V BLUE FIN. Under the terms of this charter Garber agreed to procure, pay for and maintain in force, protection and indemnity insurance in the amount of $1,000,000 and to name Union as an additional insured under the policy. The policy grants reimbursement for:

Costs, charges and expenses, reasonably incurred and paid by the Assured in defense against any liability insured against hereunder in respect of the vessel named herein, subject to the agreed deductibles applicable, and subject further to the conditions and limitations hereinafter provided.

The issue before the Court is whether the aforesaid claimed expenses were due pursuant to this provision of the policy. Union contends that since Texas Eastern, in its suit, charged Union with (1) directing the M/V BLUE FIN to undertake operations which jeopardized plaintiff's pipeline; and (2) failing to take adequate and timely steps to assist the M/V BLUE FIN when risk of collision with or the fouling of Texas Eastern's pipeline became apparent, that these charges were made against Union in its capacity as charterer of the M/V BLUE FIN and thus, Union is an additional assured under the terms of the policy. Garber argues that these claims were made against Union "in respect of" or "as owner of" the drilling platform, and not the M/V BLUE FIN, and that no reimbursement is due Union under the terms of the policy for any action on Union's part in its capacity as drilling platform owner.

■ Where the negligence is vessel-related, "as owner of" provisions provide coverage to an additional assured. *Offshore Logistics Services v. Mutual Marine Office*, 462 F.Supp. 485 (E.D.La.1978). However, where the party's negligence is the result of the action taken by it in its capacity as owner of the platform, there is no coverage under the terms of the vessel protection and indemnity policy which ordinarily insure the charterer against liability "as owner of" the vessel since there must be some causal operational relationship between the vessel and the resulting injury. *Helaire v. Mobil Oil Corp.*, 497 F.Supp. 633 (W.D.La.1980), and cases cited therein. In other words, where the negligence is clearly *other than as vessel owner*, the additional insured is not entitled to coverage. *Lanasse v. Travelers Insurance Co.*, 450 F.2d 580 (5th Cir. 1971), *Dow Chemical Co. v. Tug THOMAS ALLEN*, 349 F.Supp. 1354 (E.D.La.1972).

■ Garber, as evidenced in its letter to the Claims Representative of Union (Attachment C annexed to Garber's memorandum), agreed to fulfill its obligations pursuant to the terms of its policy. As it was obviously aware of the aforementioned jurisprudence, it properly alerted Union to the fact that if Union were found negligent as platform owner, there was no coverage under the policy. There is no language in the policy which required Garber to provide Union a defense other than "in respect of the vessel." Nor is there any language in the charter party which required it to provide any other defense.

However, because of the letter by Garber to Union limiting its defense to those allegations made against Union "as owner of" the M/V BLUE FIN, Union apparently felt it prudent to retain additional counsel to defend against any claims made against it as a platform owner. Accordingly, Union filed a third-party complaint against Garber demanding defense and indemnity, alleging that said demand had been rejected by Garber, but was owed pursuant to the terms of the insurance policy and written time charter.

At this point, Garber would have been justified in not defending any claims made against Union as platform owner, since the policy provisions did not provide for such. It is clear, in hindsight, that Garber, at trial, undertook and successfully defended the allegations of the complaint referred to hereinabove and was successful in defending all liability with "respect to the vessel." Had this been the only action taken by Garber there would have been no merit to

Union's claims for its attorney's fees, costs and expenses, as to Garber. However, Garber filed a cross-claim against Union, alleging that if Garber is in any way liable to Texas Eastern Transmission Corporation, "then such liability is technical only, and that by reason of the primary and active fault and neglect and breach of duty on the part of Union, Holt and Fluor, then Garber is entitled to reimbursement, indemnification and/or contribution from those parties, or any of them ... and for all costs, disbursements, expenses and reasonable attorney's fees incurred by reason of the claims herein asserted." Had Union not previously obtained counsel to represent its interests other than as owner of the vessel, it certainly would have had to do so at the time of the filing of the cross-claim against it by Garber. By such filing, Garber forced Union to have to defend against *all* claims made against it by Texas Eastern, not just those claims limited to any negligence as a platform owner.

While no negligence was proved as to Union, the allegations made by Texas Eastern certainly went to Union's capacity as charterer of the vessel. Union was obliged to defend against these claims, claims it was owed a defense and indemnification from Garber pursuant to its status as an additional assured under the protection and indemnity policy. Based on the charges made against Union, and the terms of the charter, and the policy involved, the Court finds that Union's demand for costs, expenses and attorney's fees should be granted, and that there be judgment in favor of Union and against Garber for such amounts as stipulated by the parties. The Clerk of Court is directed to enter judgment in accordance with the foregoing.